## REIERSEN v. REIERSEN.

(Supreme Court, Appellate Division, Second Department.   June 21, 1898.)

1. DIVORCE—RECRIMINATORY CHARGES—WITHDRAWAL.
    Where recriminatory charges in an action for divorce are wholly unsupported by evidence, the court is warranted in withdrawing them from the consideration of the jury.
2. SAME—CONNIVANCE.
    The fact that a husband, who suspects his wife of infidelity in the past and of a purpose of continuing it in future, passively refrains from preventing her plans therefor, in order that he may procure evidence against her, does not constitute connivance.

Appeal from trial term.

Suit by Fred Reiersen against Agnes C. Reiersen for divorce. From a judgment entered on a verdict of the jury, and from an order denying defendant's motion for new trial, she appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William M. Mullen, for appellant.
William G. Cocke, for respondent.

HATCH, J.   The action was brought to recover a judgment of divorce a vinculo upon the ground of adultery.   The defendant answered by a denial, and also averred the commission of acts of adultery with various persons by the plaintiff; and, for a further defense and counterclaim, she averred cruel and inhuman treatment upon the part of the plaintiff, and demanded judgment that the complaint be dismissed, and the bonds of matrimony between herself and the plaintiff be dissolved, or a separation decreed, with proper provision for her support.   The plaintiff by reply put in issue all the allegations contained in the counterclaim, and, upon issues subsequently settled, the trial of the same was had before a jury, and a verdict was rendered therein in favor of the plaintiff, and against the defendant, upon the issue of her adultery.

The defendant now insists that the verdict of the jury was against the weight of evidence, and contrary to law.   We have read with care all of the testimony in the case and the proceedings had upon the trial, and from such reading we are satisfied that the allegations of the complaint charging the defendant with adultery were fairly supported by the evidence, and fully justified the verdict which was rendered.   The evidence tended to establish upon this issue that the plaintiff had received information and become suspicious that the defendant was guilty of infidelity to the marital relation; and for the purpose of satisfying himself in this regard, and of obtaining proof of the fact if the same existed, upon the night of the 24th of October, 1897, he procured two men to accompany him to his house, and the three concealed themselves in a barn upon the premises, where they remained for some little time.   At this time there was in the plaintiff's house, in company with the defendant, one Gully (who is charged as a co-respondent in the action), a man named Wilson, and a servant girl.   After remaining in the barn for a time,

the plaintiff effected an entrance into the rear of the house with the assistance of Wilson, then in the house; and he and his two companions entered, and concealed themselves therein. A little time thereafter, the defendant went upstairs to her bedroom, and, as the evidence tended to disclose and the verdict of the jury has established, called for Gully to come upstairs. Gully responded to the invitation, and proceeded to the defendant's sleeping room, where she was undressed and in bed. After waiting a few minutes, the plaintiff and his two companions entered the sleeping room of the defendant, struck a match, and discovered Gully and the defendant in the act of adultery upon the bed.

Upon these facts, the defendant requested the court to charge:

"That if the jury find defendant guilty of any of the acts of adultery charged by plaintiff, and also find that plaintiff passively permitted either or any of such acts to take place when he could have prevented it, that then they must find that plaintiff connived at such acts which he passively permitted to take place and could have prevented. That passively permitting an act of adultery to take place when he could have prevented it is enough to establish the connivance of plaintiff as to such act."

The court refused so to charge, and defendant's counsel duly excepted. The court did charge upon this subject as follows:

"If the plaintiff consents to or connives or procures the adultery of the defendant, or it is done with his privity, as it is called, then he has no cause of action. The question is, and the question which has been discussed in this case somewhat as a question of law is, what constitutes consent, connivance, or privity? It is practically conceded in this case, at least it is the contention on the part of the plaintiff's witnesses, that the plaintiff suspected the defendant was about to permit an adulterous act with Gully. Of course, it follows that he could have prevented it. It is claimed by the defendant that because he could have prevented it, or at any rate, as I understand it, under the circumstances of the case, that it amounted to consent, connivance, privity, or procurement. The court does not so understand the law, and states it differently. In the language of one of the cases: 'There is a manifest distinction between the desire and intent of a husband that his wife, whom he believes to be chaste, should commit adultery, and his desire and intent to obtain evidence against his wife whom he believes to have already committed adultery and to persist in her adulterous practices whenever she has opportunity.' [Robbins v. Robbins, 140 Mass. 531, 5 N. E. 839.] Again, it is said: 'It is true, his suspicions had been aroused, and he sought to detect her infidelity, if it existed, and took no steps to prevent the defendant carrying out her manifest purpose of meeting the man whom he suspected as being, and who proved to be, her paramour. But he left her to her own volition.' [Pettee v. Pettee, 77 Hun, 595, 28 N. Y. Supp. 1071.]"

While the contention of the defendant is supported by the case of Karger v. Karger, 19 Misc. Rep. 236, 44 N. Y. Supp. 219, yet we think that such case does not announce a sound rule of law upon this subject, inasmuch as it omits to recognize the distinction which was made by the learned trial court in the charge above quoted, which has the support of authority in the court of final resort in this state. Pettee v. Pettee, 77 Hun, 595, 28 N. Y. Supp. 1067, affirmed, without opinion, 148 N. Y. 735, 42 N. E. 725. In this regard we might prolong the discussion, and show that the rule adopted by the court had been uniformly recognized, from the decision in Moorsom v. Moorsom, 3 Hagg. Ecc. 87, to the present time, both in England and in this country. Robbins v. Robbins, 140 Mass. 528, 5 N. E. 837.

The defendant further claimed that the court fell into error in refusing to charge that the plaintiff was authorized to testify upon the subject of the bribery of witnesses, conspiracy, and connivance on his part. There are two sufficient answers to this claim. Section 831 of the Code of Civil Procedure prohibits such testimony. Besides, the defendant, by her objection, excluded it. The plaintiff had testified without objection upon the subject of bribery, and denied that he had ever paid money to Gully or to Wilson for any such purpose. After so far testifying, the court interposed with an objection that such testimony was incompetent. The defendant thereupon objected to the same, but finally consented that so much as had been received might remain in the case. She would therefore have been estopped from insisting that plaintiff had the right to testify upon these subjects if she were otherwise competent, as by her own act she effectually sealed his lips. The court was entirely justified in withdrawing from the consideration of the jury the averments of the commission of adultery upon the part of the plaintiff. The evidence was clearly insufficient to have warranted the finding of the commission of adultery by the plaintiff with the persons therein named. Pollock v. Pollock, 71 N. Y. 137; Pfeiffer v. Pfeiffer (Super. Buff.) 9 N. Y. Supp. 28.

No other grounds are urged for the reversal of this judgment, and we find nothing to warrant interference by the court. The case was carefully tried; the evidence abundantly established the charge; it was submitted to the jury in a complete and impartial manner; and every right of the defendant was carefully guarded.

It follows that the judgment should be affirmed. All concur.

Judgment and order affirmed, without costs.